**BENJAMIN EGBERT** and OTHERS v. STEPHEN and DAVID THATCH-ER, executors of Thomas Thatcher, deceased.

---

By virtue of the fourth section of the supplement to the act constituting courts for the

Egbert and others *v.* Thatcher.

trial of small causes, passed November 23d, 1821, the Court of Common Pleas may permit the appellant to substitute a new appeal bond at any stage of the trial, provided that no delay is occasioned thereby.    This provision is not to be so limited as to prohibit a short delay or suspension of the proceedings, long enough to permit a bond to be drawn and executed.    This prohibition of delay is for the benefit and protection of the appellee, who, if ready for trial, ought not to be postponed.    It would seem that if the appellee is surprised by the sudden and unexpected interposition of a new appeal bond, he ought to be allowed an adjournment on that ground, if applied for.

It is the settled practice of this court, not to interfere with the exercise of discretion on the part of the court below.

This was a certiorari, removing the judgment and proceedings in this case from the Court of Common Pleas of the county of Warren.   The facts are disclosed in the opinion of the court.

*C. Bartles*, for plaintiffs.

HORNBLOWER, C. J.   By a state of the case annexed to, and sent up with the certiorari, in this case, it appears, that when the appeal was ordered on for trial, at the term of February, 1832, before the Common Pleas of Warren county, the counsel for the appellees moved to dismiss the appeal, on the ground that the appeal bond had been executed by the appellants only, *without any* surety, as required by law; that the court overruled the motion, and permitted the appellants to file a new bond; and thereupon the appellees, (who were the plaintiffs below) failing to proceed with the trial of the cause, the court ordered a judgment of non-suit to be entered, with costs.   Under the act of Assembly as it originally stood in relation to this matter, this court required a strict compliance with its provisions, and held that the justice had no right to grant; nor the Court of Common Pleas, to take cognizance of an appeal, unless a bond in conformity with the directions of the act, had been tendered to the justice and returned to the Common Pleas.   It was considered as lying at the foundation of the appeal, and that without such bond, the Common Pleas had no jurisdiction in the matter *Stevens* v. *Scudder*, 2 *South.* 503.   But the fourth section of the supplement, passed the 23d November, 1821, contains a clause in these words : " And that the said Court of Common Pleas may permit the appellant to substitute a new appeal bond, in the place of the appeal bond filed and sent up by the justice ;

provided that no delay in the trial of the said appeal, shall be occasioned thereby." This substitution is not confined to the case of a defective bond, nor is the court restricted to any particular period, in the cause. The only qualification is, that no delay shall be occasioned thereby. The court then has a right to permit a new bond to be substituted in any stage of the trial, provided that no delay is occasioned thereby. But we must not limit this provision, so as to prohibit a short, or momentary delay or suspension of the proceedings; long enough to permit a bond to be drawn and executed; otherwise, we should defeat the intention of the law. But if the party is not prepared on the spot to execute a new bond, and the appellee is ready and willing to proceed, the court shall not postpone or put off the trial of the cause to another day or another term, to give the appellant time to get a surety and prepare his bond. This prohibition of delay, is for the benefit and protection of the appellee; he ought not to be prejudiced, by permitting his adversary to substitute a new bond. If ready for trial, he ought not to be postponed; but if, on the other hand, he has come to court unprepared, knowing that the appeal bond was defective and void, and a new bond is suddenly interposed; it would seem as if he ought not to be turned out of court, for not immediately proceeding; provided he applies to the court for an adjournment on that ground. In this case, it is very probable the appellees were taken by surprise. The appeal had been brought to the November term, the appellants had taken a rule on the justice, to certify certain matters, and among others, whether they had not tendered an appeal bond, *executed according to law,* and whether he had not accepted it and granted an appeal; to all which, the justice had sent up an affirmative answer at the succeeding February term. The appellees therefore knowing that the bond was insufficient, may not have gone prepared for trial. But if they were not, they ought to have applied to the court for further time, after the new bond was put in. It does not appear, however, that they made any such application; and if they had done so, and been overruled by the court, though it might not have been a ground for reversal, I should have felt some reluctance, in affirming the judgment of nonsuit. As the

case is, the motion for a reversal must be denied, and the judgment of the common pleas affirmed.

This result is the less to be regretted, because, upon looking into the state of demand, filed before the justice, it is evidently defective, and the plaintiffs ought to have been non-suited on the trial before the justice.

FORD, J. I concur in the foregoing opinion, and would add, that it is a question, whether the Court of Common Pleas have not a discretion in the allowance or refusal of further time to the appellee. The court below have exercised that discretion, and the settled practice of this court, is, not to interfere with the court below in the exercise of that discretion.

           · Judgment affirmed.